IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO FERNANDEZ,

    Plaintiff,

v.                                                       CIVIL CASE NO.  2:25-cv-53

ANNA ANIMAH RICHARD,

    Defendant.

## ANSWER

COMES NOW Anna Animah Richard ("Defendant"), by counsel, to answer the Plaintiff's Complaint (ECF No. 1) as follows.

### I.  INTRODUCTION

1. Paragraph 1 of Plaintiff's Complaint contains legal conclusions for which no response by the Defendants is required. To the extent a response is deemed required, the allegations are denied. Defendant specifically denies attacking and berating Plaintiff and denies choking him. Further, she denies abusing her power or violating Plaintiff's constitutional rights.

### II.  JURISDICTION

2. Paragraph 2 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied. Ms. Richard notes that while this Court may exercise supplemental jurisdiction, it may decline to exercise it if any conditions in 28 U.S.C. § 1367(c) are met now or at a later date.

### III.  VENUE

3. Paragraph 3 is admitted.
4. Paragraph 4 is admitted.

## IV.  PARTIES

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

## V.  FACTS

7. Defendant does not have sufficient information to admit or deny the assertions pertaining to Plaintiff's religious beliefs or practices. Defendant admits all other portions of paragraph 7.

8. Defendant admits that on or about March, 2024, Plaintiff was walking in the area that separated his housing unit and the "Chow Hall." Defendant also admits that she did instruct some inmates who were not proceeding directly from their housing units to the Chow Hall to return to their housing unit. However, Defendant denies that she was shouting these instructions. Further, Defendant does not have sufficient information to admit or deny whether Plaintiff herd her so instruct the other inmates. To the extent a further response is required, Defendant denies the allegations and calls for strict proof thereof.

9. Defendant admits that Plaintiff told her to "shut up," but does not have sufficient information to admit or deny whether it was in response to her telling other inmates to return to their housing units. Defendant also denies that Plaintiff shouted while he was walking past her, as he had already done so and reached the Chow Hall, but walked back towards her to tell her to "shut up." Defendant does not have sufficient information to admit or deny the distance between her and Plaintiff. To the extent a further response is required, Defendant denies the allegations and calls for strict proof thereof.

10. Defendant admits that she approached Plaintiff, attempted to control him, and did touch his neck, but denies that she slammed him against a wall, or choked him. To the extent a further response is required, Defendant denies the allegations and calls for strict proof thereof.

11. There appears to be no paragraph 11. If there is, Defendant does not have sufficient information to admit or deny the allegations therein.

12. Defendant denies paragraph 12. Specifically, Defendant denies that she choked Plaintiff. Additionally, the entire interaction did not last two minutes, but a matter of a few seconds. To the extent a further response is required, Defendant denies the allegations and calls for strict proof thereof.

13. Defendant admits that at least one other correctional officer quickly relieved her and assumed control of the situation, but otherwise denies paragraph 13. To the extent a further response is required, Defendant denies the allegations and calls for strict proof thereof.

14. Defendant does not have sufficient information to admit or deny the assertions contained in paragraph 14.

15. There appears to be no paragraph 15. If there is, Defendant does not have sufficient information to admit or deny the allegations therein.

16. There appears to be no paragraph 16. If there is, Defendant does not have sufficient information to admit or deny the allegations therein.

17. Defendant does not have sufficient information to admit or deny the assertions contained in paragraph 17.

18. Defendant does not have sufficient information to admit or deny the assertions contained in paragraph 18.

19. Defendant does not have sufficient information to admit or deny the assertions contained in paragraph 19.

20. Defendant admits that the VDOC investigated the incident and that she continues to be employed at Indian Creek Correctional Center. Defendant denies all other allegations and calls for strict proof thereof.

## VI.  COUNTS

### COUNT 1

### Use of Excessive Force in violation of the Eighth and Fourteenth Amendments/42 U.S.C. § 1983

21. Paragraph 21 does not allege additional facts and requires no response. To the extent a response is required, the allegations are denied.

22. Paragraph 22 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

23. Paragraph 23 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

24. Paragraph 24 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

### COUNT 2

### State Law Battery

25. Paragraph 25 does not allege additional facts and requires no response. To the extent a response is required, the allegations are denied.

26. Paragraph 26 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

27. Paragraph 27 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

28. Paragraph 28 is a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

## VII.  JURY TRIAL DEMAND

29. Paragraph 29 does not allege additional facts and requires no response. To the extent a response is required, the allegations are denied.

## VII.  PRAYER FOR RELIEF

30. Paragraph 30 does not allege additional facts and requires no response. To the extent a response is required, the allegations are denied.

## FIRST DEFENSE

Defendant denies that the Plaintiff has suffered any injury or damage as a result of an act or omission by any of the Defendant.

## SECOND DEFENSE

Plaintiff has failed to exhaust his administrative remedies as to all of his claims prior to filing this suit and therefore this action is barred from review under 42 U.S.C. § 1997e(a).

## THIRD DEFENSE

Defendant is immune from suit based upon the Eleventh Amendment and upon the discharge of their official duties.

## FOURTH DEFENSE

Defendant denies that Plaintiff has suffered any physical injuries as a result of an act or omission by Defendant and therefore the Plaintiff not entitled to damages under the Prison Litigation Reform Act.

## FIFTH DEFENSE

Defendant denies that she is liable to Plaintiff in any sum whatsoever.

## SIXTH DEFENSE

Defendant denies each and every allegation of the Complaint not specifically admitted herein.

## SEVENTH DEFENSE

Defendant will rely on any and all other properly available defenses to the Complaint which may arise from the Plaintiff's prosecution of this action and reserves her right to amend this Answer if at any time she should be so advised.

                                            Respectfully submitted,

                                            Anna Animah Richard, Defendant.

By:    s/ Mitchell E. Sanders
        Mitchell E. Sanders, VSB #100764
        Assistant Attorney General
        Office of the Attorney General
        Criminal Justice & Public Safety Division
        202 North 9th Street
        Richmond, Virginia 23219
        (757) 910-3912
        (804) 786-4239 (Fax)
        Email: MSanders@oag.state.va.us
        *Counsel for Defendant*

## CERFIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

Danny Zemel
The Krudys Law Firm, PLC
919 East Main Street, Suite 2020
Richmond, VA 23219
(804) 774-7950
dzemel@krudys.com
<u>Counsel for Plaintiff</u>

                                                s/ Mitchell E. Sanders
Mitchell E. Sanders, VSB #100764
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(757) 910-3912
(804) 786-4239 (Fax)
Email:  MSanders@oag.state.va.us