UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO FERNANDEZ,

        Plaintiff,

v.                                                Civil Action No: 2:25cv53

ANNA ANIMAH RICHARD,

        Defendant.

**AMENDED RULE 16(b) SCHEDULING ORDER**

        Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b), this amended order shall govern proceedings in this matter. Any matters not addressed by this order shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Virginia. Any deadline established herein shall be governed by Rule 6. Only the Court, by order, may approve extensions of time.

        1.    **Trial**

        Trial shall commence on **October 28, 2025, at 10:00 a.m.**, at the courthouse in Norfolk. Unless otherwise ordered by the Court, the party intending to offer exhibits at trial shall place them in a binder, properly tabbed, numbered, and indexed, and the original and two (2) copies shall be delivered to the Clerk, with copies in the same form to the opposing party, one (1) business day before the trial. The submitting party may substitute photographs for demonstrative or sensitive exhibits.

        2.    **Discovery**

        Discovery shall be commenced timely and, except as to expert witnesses, shall be completed by **plaintiff** on or before **July 29, 2025**; by **defendants** on or before **August 26, 2025**. "Completed" means that interrogatories, requests for production, and requests for admission shall be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date. All subpoenas issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenas of

witnesses for depositions or trial, but such requests shall be accompanied by a memorandum containing the name, address, and purpose of the testimony of each witness and be approved in advance of issuance by a judge of this Court. Such approval shall not preclude any witness from contesting a summons. In accordance with Rule 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for depositions and production, requests for disclosure of expert information, expert information, disclosures, and answers and responses or objections to such discovery requests shall not be filed with the Court until they are used in the proceeding, or ordered filed by the Court. Discovery improperly submitted will be discarded by the clerk without notice to counsel. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to the Court if sought to be used by any party or ordered filed.

3. **Expert Witnesses**

The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on or before **June 6, 2025**. The disclosure outlined in Rule 26(a)(2)(B) shall be made on or before **July 7, 2025**. In addition to the disclosures required by Rule 26(a)(2)(B), the same disclosures shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action. Rule 702, 703 or 705 disclosures intended solely to respond to, contradict, or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this order, shall be made on or before **August 7, 2025**. Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on or before **August 22, 2025**, and shall be limited as to source to expert witnesses previously identified. Further rebuttal to Rule 702, 703 or 705 evidence shall be permitted only by leave of Court.

All discovery of experts, and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **September 2, 2025**.

4. **Motions**

   a. While the Court always has discretion to determine whether it will address any dispositive motions, all dispositive motions, including summary judgment motions, shall be filed not later than **September 8, 2025**. Counsel and unrepresented parties are reminded of the requirements of Local Rule 56(B) regarding motions for summary judgment. Counsel and unrepresented parties shall file a brief in support of their motion or response to a motion as required by Local Civil Rule 7(F).

   b. Responses to all non-dispositive motions, including all motions to compel, motions in limine, and motions challenging expert testimony based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed not later than **10 calendar days** after the filing of the motion and any reply shall be filed not later than **4 calendar days** thereafter.

   c. Any motion challenging expert testimony based on *Daubert* and its progeny shall be filed not later than **September 8, 2025**.

   d. All motions in limine (but excluding *Daubert* motions, *see* ¶ 4(c) *supra*), shall be filed not later than **September 16, 2025**.

   e. Briefs may not exceed the page limits set by Local Civil Rule 7(F)(3) without an order of the Court.

   f. Local counsel are required to sign any filing. *See* Local Civil Rule 83.1(F) for counsel's responsibilities.

5. **Pretrial Disclosures**

The pretrial disclosures required by Rule 26(a)(3) shall be delivered to all counsel and unrepresented parties on or before **September 24, 2025**, and filed with the Court at the final pretrial conference as part of the final pretrial order. Any objections to this disclosure shall be delivered to all counsel and unrepresented parties on or before **October 1, 2025**, and, if unresolved, will be heard at the final pretrial conference. The failure to deliver timely objections to Rule 26(a)(3) disclosures shall constitute a waiver of the right to object. Wherever delivery to counsel or unrepresented parties, as opposed to the Clerk, is required by this order, electronic transmission during normal business hours on the due date, accompanied by simultaneous service by mail, shall be considered timely.

6.  **Attorneys' Conference**

An attorneys' conference is scheduled in the office of counsel for plaintiff or, if the plaintiff is unrepresented, at the office of counsel for the defendant whose office is located closest to the courthouse at Norfolk on **October 3, 2025**. Counsel and unrepresented parties shall meet in person and confer for the purpose of reviewing the pretrial disclosure required by Rule 26(a)(3), preparing stipulations, and marking the exhibits to be included in the final pretrial order outlined in paragraph 7. With the exception of rebuttal or impeachment, any information required by Rule 26(a)(3) not timely disclosed, delivered, and incorporated in the proposed final pretrial order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.

7.  **Final Pretrial Conference**

A final pretrial conference shall be conducted on **October 10, 2025, at 11:00 a.m.** at the courthouse in Norfolk, at which time trial counsel and unrepresented parties shall appear and be prepared to present for entry the proposed final pretrial order setting forth: (1) a stipulation of undisputed facts; (2) identification of documents, summaries of other evidence, and other exhibits in accordance with Rule 26(a)(3)(A)(iii) to which the parties agree; (3) identification of Rule 26(a)(3)(A)(iii) materials sought to be introduced by each party to which there are unresolved objections, stating the particular grounds for each objection, and arranging for the presence of any such materials at this conference; (4) identification of witnesses in accordance with Rule 26(a)(3)(A)(i) indicating any unresolved objections to the use of a particular witness and the grounds therefor, and designating those witnesses expected to testify by deposition in accordance with Rule 26(a)(3)(A)(ii); (5) the factual contentions of each party; and (6) the triable issues as contended by each party.

While preparation of the final pretrial order shall be the responsibility of all counsel and unrepresented parties, counsel for the plaintiff, or if the plaintiff is unrepresented, counsel for the first-named defendant, shall distribute a proposed final draft to all other counsel and unrepresented parties on or before **October 3, 2025**. Unresolved objections shall be noted in the proposed final pretrial order, but disagreements concerning the content of the final draft shall be resolved before the final pretrial conference, at which time the parties shall present a complete and endorsed proposed draft of the final pretrial order. Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Rule 16(f). Not later than **October 7, 2025**,

the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues.

### 8. *Voir Dire* and Jury Instructions

Trial by jury has been demanded.

Counsel and unrepresented parties shall electronically file proposed *voir dire* on or before **October 21, 2025**. Counsel and unrepresented parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

Counsel and unrepresented parties shall jointly file electronically any requested jury instructions, including all requested standard instructions on or before **October 21, 2025**. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel and unrepresented parties shall also provide a copy of each requested jury instruction (regardless of whether agreed or objected to) fully set forth on a separate page without titles, labels, or authorities in WORD format via e-mail to Chambers.

Not less than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction. Not less than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

### 9. Stipulations

Counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **October 14, 2025**.

### 10. Pretrial Briefs

The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions in limine, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it shall be filed not later than **October 23, 2025**.

\* \* \*

The Clerk is **DIRECTED** to send a copy of this order to all counsel of record.

**IT IS SO ORDERED.**

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 14, 2025