# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by Plaintiff Antonio Fernandez, through his attorney Danny Zemel, The Krudys Law Firm, and Defendant C/O Anna Animah Richard, through her attorney Mitchell E. Sanders, Assistant Attorney General, Office of the Attorney General of Virginia, (collectively, "Parties") in *Fernandez v. Richard*, Case No. 2:25-cv-53, brought in the Eastern District of Virginia (the "Action").

The Parties to this Agreement stipulate and agree to the following:

1. **Settlement Payment:** In full and fair settlement of this matter, but without admitting liability, the Defendant, by and through the Commonwealth of Virginia, agrees to pay to Plaintiff, within sixty (60) days of the parties signing the settlement term sheet on August 8, 2025, the sum of twenty-five thousand dollars ($25,000.00). The check shall be made payable to The Krudys Law Firm, PLC Client Rust Account f/b/o Fernandez. This amount includes all costs, expenses, and/or attorneys' fees which Plaintiff may otherwise have been entitled to recover against the Commonwealth. The parties agree not to seek attorneys' fees or costs associated with this Action.

2. **Retention of Federal Jurisdiction:** The parties agree that the United States District Court for the Eastern District of Virginia shall retain jurisdiction to enforce the terms of this Agreement, pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

3. **No Admission of Liability:** Plaintiff acknowledges that this Agreement does not constitute an admission by the Defendant of any: (a) liability; (b) violation of any federal, state, or local statute, law, regulation, order, or other requirement of law; (c) commission of any tort; or (d) other civil wrong.

4. **Full Settlement of Claims:** This Agreement settles all claims that were brought or that could have been brought against Defendant, any other employee or agent of the Virginia Department of Corrections or the Commonwealth of Virginia in the Action. Plaintiff and Defendant do hereby release and forever discharge each other from any and all claims and demands whatsoever relating to the facts alleged or otherwise at issue in the Action, except for any and all claims and demands relating to enforcement of this Agreement.

5. **Virginia Law Applies:** The Agreement shall be deemed to have been made within the Commonwealth of Virginia and shall be interpreted, construed, and enforced in accordance with the laws of the Commonwealth of Virginia. This paragraph is intended only to address the law applicable to the interpretation and enforcement of this Agreement, and not to affect the law that may be applicable to any future claims that the Plaintiff may assert for relief outside of this Agreement.

6. **Severability:** If one or more provisions of this Agreement are ruled unenforceable or void, the parties may enforce the remainder of this Agreement.

7. **Non-Waiver:**  Failure of either party to enforce any provision of this Agreement shall not be construed as a waiver of that or any other provision.

8. **Voluntary Agreement:**  The parties have had an opportunity to consult with an attorney before signing this Agreement.  Plaintiff acknowledges that, in signing this Agreement, he relied only on the promises set forth in this Agreement and not on any other promise made by the Defendants. This Agreement has been entered into freely, knowingly, and voluntarily and not as a result of coercion, duress, or undue influence.

9. **Entire Agreement:**  This Agreement constitutes the entire understanding and agreement between the Parties with respect to its subject matter. This Agreement supersedes all other understandings, agreements, communications, or negotiations (whether written or oral) between the Parties with respect to such subject matter.

10. **Written Amendment Required:**  This Agreement may not be amended, changed, or altered, except by a writing signed by the Parties.

11. **Binding Obligations:**  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, estates, heirs, and personal representatives.

12. **Authority to Bind:**  Each individual executing this Agreement represents and warrants that such person is authorized to do so, and, that upon executing this Agreement, this Agreement shall be binding and enforceable in accordance with its terms upon the party or parties for whom such individual is acting.  The Parties further agree that undersigned counsel have the authority to enter into and execute this Agreement on behalf of their clients.

13. **Drafting of Agreement:** Plaintiff authorizes Defendant's counsel to draft this Agreement.  For all purposes, this Agreement shall be deemed to have been drafted jointly by the Parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

14. **Counterparts:**  This Agreement may be executed in counterparts or with electronic signatures, and if so executed, each such counterpart shall have the force and effect of an original.  A facsimile or copy of an original signature transmitted to the other party is effective as an original document.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the last date noted below:

_____                  Date: _____
Danny Zemel
The Krudys Law Firm
*Counsel for Plaintiff*

7.  **Non-Waiver:** Failure of either party to enforce any provision of this Agreement shall not be construed as a waiver of that or any other provision.

8.  **Voluntary Agreement:** The parties have had an opportunity to consult with an attorney before signing this Agreement. Plaintiff acknowledges that, in signing this Agreement, he relied only on the promises set forth in this Agreement and not on any other promise made by the Defendants. This Agreement has been entered into freely, knowingly, and voluntarily and not as a result of coercion, duress, or undue influence.

9.  **Entire Agreement:** This Agreement constitutes the entire understanding and agreement between the Parties with respect to its subject matter. This Agreement supersedes all other understandings, agreements, communications, or negotiations (whether written or oral) between the Parties with respect to such subject matter.

10. **Written Amendment Required:** This Agreement may not be amended, changed, or altered, except by a writing signed by the Parties.

11. **Binding Obligations:** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, estates, heirs, and personal representatives.

12. **Authority to Bind:** Each individual executing this Agreement represents and warrants that such person is authorized to do so, and, that upon executing this Agreement, this Agreement shall be binding and enforceable in accordance with its terms upon the party or parties for whom such individual is acting. The Parties further agree that undersigned counsel have the authority to enter into and execute this Agreement on behalf of their clients.

13. **Drafting of Agreement:** Plaintiff authorizes Defendant's counsel to draft this Agreement. For all purposes, this Agreement shall be deemed to have been drafted jointly by the Parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

14. **Counterparts:** This Agreement may be executed in counterparts or with electronic signatures, and if so executed, each such counterpart shall have the force and effect of an original. A facsimile or copy of an original signature transmitted to the other party is effective as an original document.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the last date noted below:

_____        Date: 8-13-25
Danny Zemel
The Krudys Law Firm
*Counsel for Plaintiff*

 s/ Mitchell E. Sanders                              Date:  8/13/25
Mitchell E. Sanders
Assistant Attorney General
*Counsel for Defendant*